IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IVAN JOSEPH STARK, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 20-4175-CV-C-SRB |
| ) | Crim Case No. 18-4121-01-CR-SRB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Ivan Joseph Stark, Jr.'s ("Stark") *pro se* 2255 Motion. (Doc. #1, Crim Doc. #91.)[1] Stark asks the Court to "correct his sentence" or "vacate or set aside his sentence under 28 U.S.C. § 2255." (Doc. #1, p. 1.) In response to Stark's instant motion, the Government filed a Motion to Dismiss Petitioner's Pro Se Motion Under 28 U.S.C. § 2255. (Doc. #2.) For the reasons discussed below, the Government's Motion (Doc. #2) is granted and Stark's Motion (Doc. #1, Crim. Doc. #91) is dismissed without prejudice.

On July 30, 2020, this Court sentenced Stark in the above-captioned criminal case to a 120-month term of imprisonment, a five-year term of supervised release to follow, restitution in a total amount of $72,084.35, and a total special assessment of $200. (Crim. Doc. #68.) Stark appealed that sentence on August 10, 2020 (Crim. Doc. #76), and his appeal remains pending before the Eighth Circuit Court of Appeals. *See United States v. Ivan Stark, Jr.*, No. 20-2669. On September 8, 2020, Stark filed his instant *pro se* motion pursuant to 28 U.S.C. § 2255. The Government moves to dismiss Stark's instant § 2255 motion, stating this Court lacks jurisdiction to decide the motion due to his pending appeal.

---

[1] Defendant Stark also filed the instant motion in his above-captioned criminal case, *United States v. Stark*, No. 18-CR-04121-SRB-1. All references to "Crim Doc." correspond to docket entries in that criminal case.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "This rule applies with equal force in criminal cases." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (citing *Berman v. United States*, 302 U.S. 211, 214 (1937)). In the context of a § 2255 motion, a district court should not consider a habeas corpus petition when a direct appeal from the judgment is pending since disposition of the appeal may render the motion moot or unnecessary. *Downs v. Ciccone*, 307 F. Supp. 1309, 1310 (W.D. Mo. 1969).

The Court finds that it lacks jurisdiction to decide Stark's instant § 2255 motion. Stark has directly appealed his criminal sentence to the Eighth Circuit, which is the same sentence he now challenges through his instant habeas corpus petition. Since it is possible that disposition of Stark's appeal could render his instant § 2255 petition moot or lead to inconsistent results, this Court lacks jurisdiction to entertain his motion.

Accordingly, it is hereby **ORDERED** that the Government's Motion to Dismiss (Doc. #2) is GRANTED and Defendant Stark's *pro se* 2255 Motion (Doc. #1, Crim Doc. #91) is DENIED without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: September 14, 2020