**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN JOSEPH STARK, JR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:18-cr-04121-SRB-01 |

# ORDER

Before the Court is Defendant Ivan Joseph Stark, Jr.'s ("Defendant") *pro se* Motion for Compassionate Release and/or Sentence Modification. (Doc. #108.) For the reasons stated below, the motion is DENIED.

In 2020, Defendant pled guilty to bank fraud in violation of 18 U.S.C. § 1344(1) and aggravated identity theft in violation of 18 U.S.C. § 1028A. This Court sentenced Defendant to a 120-month term of imprisonment, followed by a five-year term of supervised release. According to the Bureau of Prisons ("BOP"), Defendant's projected release date is May 9, 2026.[1]

On October 16, 2023, Defendant filed a *pro se* motion requesting the Court reduce his sentence pursuant to § 3582(c)(1)(A). Defendant primarily argues that a sentence reduction is appropriate because he "has done everything and more to address his lifestyle, his behaviors and [has made] the necessary and appropriate changes needed to be successful upon re entry into his community." (Doc. #108, p. 2.) Defendant provides numerous examples of how he has utilized prison programming to better himself and help others including participating in mental health counseling, being a peer mentor and suicide watch companion, and acting as a GED tutor.

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

Finally, he argues that his CDL expires in May 2024, he has no way to renew it online, and would have to retake the CDL training again if it expires. He estimates that he could earn "$160,000 a year and possibly more[, which] would go a long way in paying off his restitution." (Doc. 108, p. 11.) The Government opposes the motion and primarily argues that 1) Defendant did not exhaust his administrative remedies before proceeding with his motion; 2) Defendant's "performance of vocational and educational activities does not provide a basis for compassionate relief on its own[;]" and 3) Defendant's inability to renew his CDL "is not contemplated by the sentencing guidelines as support for compassionate release." (Doc. # 111, pp. 5, 7.) The parties' arguments are addressed below.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review, which includes exhausting administrative remedies; the movant

must then establish that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted); *see also United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021). The movant can show he satisfied the procedural prerequisites for judicial review through "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility." 18 U.S.C. § 3582(c)(1)(A).

To start, the Government argues that Defendant failed to exhaust his administrative remedies because "[f]ollowing a records request, BOP reported there is no record of a request made by [Defendant]" and Defendant "has not provided any evidence, outside his own statements, that he filed any motion to the [BOP], much less that the Director denied it or that 30 days have lapsed." (Doc. #111, p. 5.) In contrast, Defendant stated in his motion that he "petitioned the warden at Thomson Low on July 16, 2023" and "to date there has been no response from the warden and 30 days have elapsed." (Doc. 108, p. 2.) Ultimately, "Defendant bears the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion." *United States v. Kinley*, No. 1:16-cr-10018-002, 2020 WL 2744110, at *2 (W.D. Ark. Apr. 17, 2020). Here, while Defendant states that he petitioned the warden in July 2023, Defendant does not provide any evidence to support that claim. Therefore, considering this lack of evidence and the government's records request, the Court finds that Defendant has failed to meet his burden showing that he exhausted administrative remedies. However, the Court find the merits of his motion provide an alternative basis for denying his motion even if he had exhausted his administrative remedies.

First, Defendant argues that there are "extraordinary and compelling reasons" for reducing his sentence including "the rehabilitation efforts taken on by [Defendant]." (Doc. #108, p. 2.) The Court is not persuaded that this argument constitutes extraordinary and compelling reasons for a sentence reduction. While the Court commends Defendant's extensive accomplishments and rehabilitation through coursework and training programs while incarcerated, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). Therefore, the Court finds no extraordinary and compelling reasons to reduce Defendant's sentence.

Second, Defendant fails to demonstrate that the 18 U.S.C. § 3553(a) factors support a sentence reduction. While Defendant argues that his CDL is set to expire in May 2024 and maintaining his CDL would assist him in paying his restitution, which is one § 3553(a) factor, the Court "must conduct a thorough consideration of all relevant factors, weighing and analyzing them as required in the individualized matter at hand." *United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009)). Therefore, considering the nature and circumstances of Defendant's offense, the need to reflect the seriousness of the offense, and his history of criminal activity, the Court finds Defendant has not satisfied the requirements for a compassionate release.

Third, Defendant references various cases in support of his motion, including, for example, a case from the Northern District of Oklahoma. The Court finds the cases distinguishable from the facts currently before it. For example, in *United States v. Helm*, the defendant committed the offense for which he was incarcerated at age seventeen and the Court determined he received an "extraordinarily long sentence" in comparison to "if [he were] sentenced today." Case No. 00-CR-10-TCK, 2023 WL 5671282, *1 (N.D. Okla. Sept. 1, 2023).

Here, Defendant did not commit the offense for which he is currently incarcerated as a teenager, but well into adulthood. Further, the defendant in *Helm* had already served twenty-three years of a thirty-two-year sentence compared to Defendant's three years here.

As for Defendant's reliance on the recent Supreme Court case *Dubin v. United States* as grounds for his twenty-four-month sentence under § 1028A(a)(1) to be overturned and his sentence reduced accordingly, his reliance is misplaced. 599 U.S. 110 (2023). In *Dubin*, the Court narrowed the scope of what constitutes aggravated identity theft under 18 U.S.C. § 1028A(a)(1); however, Defendant falls squarely under the definition articulated by the Court as Defendant's "misuse of another person's means of identification is at the crux of what [made] the underlying offense criminal" because Defendant repeatedly incurred charges on his victims' credit cards by pretending to act as them. 599 U.S. at 114.

Accordingly, it is ORDERED that Defendant's *pro se* Motion for Compassionate Release and/or Sentence Modification (Doc. #108) is DENIED. The Clerk shall mail a copy of this Order to Defendant at his last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2023